IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SHARON COLEMAN, | §<br>§ |
| Plaintiff, | §<br>§ |
| v. | § CIVIL CASE NO. 6:14-CV-<br>§ |
| UNIVERSITY SYSTEM OF GEORGIA<br>BOARD OF REGENTS,<br>HANK HUCKABY, CHANCELLOR, | § JURY DEMAND<br>§<br>§<br>§ |
| Defendant. | § CV614-004<br>§ |

## COMPLAINT

COMES NOW, SHARON COLEMAN, hereinafter referred to as "Plaintiff," and files her Complaint against the UNIVERSITY SYSTEM OF GEORGIA BOARD OF REGENTS, hereinafter referred to as "Defendant" pursuant to the retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

## PARTIES

**1.**

Plaintiff was formerly employed by Defendant as a custodian in University Housing at Georgia Southern University.

**2.**

Defendant is the University System of Georgia. Defendant owns and operates Georgia Southern University in Statesboro, Georgia.

## JURISDICTION

**3.**

This Court has jurisdiction over this action in that it involves a question of federal law; the retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended, hereinafter referred to as the FLSA. This Court has jurisdiction over this action under 29 U.S.C.

1

§ 216(b) and 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state law claim, a violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

4.

Plaintiff sent Defendant, and the Director of Risk Management for the Department of Administrative Services, Director of University Housing, and the Attorney General for the State of Georgia an ante litem notice via certified mail, return receipt requested on January 7, 2014. A copy of said notice is attached hereto as Exhibit A.

5.

This action is timely filed within the applicable statue of limitations.

6.

Plaintiff has exhausted her administrative remedies.

## VENUE

7.

All of the relevant acts and events took place within this judicial district and division. Venue is therefore proper in this United States District Court pursuant to 28 U.S.C. §1391 (b).

## FACTUAL ALLEGATIONS

8.

Plaintiff brings this action as the result of retaliation by Defendant in violation of the retaliation provision of the FLSA and in violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, et seq., and to compel Defendant to either reinstate her to her position of employment, or compensate her for her past and future lost wages, and all other amounts allowable under the applicable statutes.

9.

At all times relevant hereto, Defendant was conducting business within this judicial district and division, and was Plaintiff's employer as defined by the Fair Labor Standards Act.

2

10.

At all times relevant hereto, Defendant was Plaintiff's employer, and was a public employer within the meaning of the Georgia Whistleblower Act.

11.

Plaintiff originally worked for Defendant for nine (9) months through a temporary employment agency in Statesboro, Georgia, Eagle Temps, beginning in April, 2011.

12.

Defendant later hired Plaintiff directly, and Plaintiff first worked for Defendant from August 6, 2012 through January 17, 2013, and then again from August 18, 2013 through October 13, 2013.

13.

Beginning in August 2012, Plaintiff worked the night shift, from six (6) o'clock p.m. until two (2) o'clock a.m.

14.

During the course of her employment, Plaintiff objected to, refused to engage in, and complained about numerous acts in violation of "law, rule, or regulation" as that phrase is defined in the Georgia Whistleblower Act, at O.C.G.A. § 45-1-4 (a).

15.

At all times relevant to this action, Defendant had control over Plaintiff's work, and over Plaintiff's hours of work, and breaks.

16.

Defendant maintained a time clock throughout the time period during which Plaintiff was employed by Defendant.

17.

Plaintiff's hourly pay rate was $12.00.

3

**18.**

At all times relevant to this action, Defendant had a policy and practice of allowing employees to clock in and clock out for other employees.

**19.**

Plaintiff was advised by her supervisor that when her work was completed, she should just rest and watch television, or ride around in one of Georgia Southern University's vehicles (while still clocked in to work).

**20.**

Plaintiff observed that her co-workers were resting, watching television and riding around in the GSU van while clocked in to work.

**21.**

Plaintiff observed her co-workers driving GSU vehicles off campus for their personal use.

**22.**

Plaintiff observed her co-workers leaving GSU premises while they were clocked in and being paid.

**23.**

Defendant's policy of allowing employees to clock in and clock out for other employees resulted in certain of its employees being paid for hours that they did not actually work; and for hours when they were not even actually on the premises of Georgia Southern University.

**24.**

When Plaintiff became aware that Defendant's employees, including Plaintiff's supervisor, were clocking each other in and clocking each other out in violation of Defendant's internal policies, she reported it to her supervisor's supervisor.

**25.**

Plaintiff became aware that employees were clocking other employees in and clocking other employees out for hours when these employees were not actually working on Defendant's premises.

**26.**

By engaging in the practice described above, employees of Defendant were falsifying employees' time records.

**27.**

Plaintiff's supervisor asked her to clock him in for hours that he did not actually work.

**28.**

In December 2012, Plaintiff reported to her supervisor's superior that Defendant's employees were falsifying time records, and using company vehicles off campus for personal use.

**29.**

In January 2013, after GSU's Winter Break, Plaintiff again raised the issues of the falsified time records and misuse of GSU vehicles with her supervisor's superior.

**30.**

Plaintiff's actions in late 2012 and January 2013 in reporting that Defendant's employees were falsifying time records and being paid for work that they had not done, and misusing GSU's vehicles, was protected activity as contemplated by the Georgia Whistleblower Act.

**31.**

On January 17, 2013, Defendant terminated Plaintiff's employment.

**32.**

Plaintiff's objections to the violation of law, rule, or regulation were proximate causes of Defendant's decision to terminate her employment on January 17, 2013.

**33.**

Defendant rehired Plaintiff to her previous position on August 18, 2013, then terminated her again on October 13, 2013.

## COUNT ONE: VIOLATION OF THE GEORGIA WHISTLEBLOWER ACT, O.C.G.A. § 45-1-4

**34.**

Defendant terminated Plaintiff's employment in order to prevent her from further objecting to violations of law, rule or regulation, a practice in violation of the Georgia Whistleblower Act.

**35.**

As a result of Defendant's conduct, Plaintiff has lost wages, benefits, lost respect in her community, and has suffered mental and emotional distress.

**36.**

Defendant's retaliatory termination of Plaintiff was the proximate cause of harm suffered by Plaintiff as alleged herein.

**37.**

Defendant was, at all times relevant to this action, Plaintiff's employer, and was a public employer as defined by the Georgia Whistleblower's Act. Plaintiff was, at all times relevant to this action, a public employee.

**38.**

Defendant took adverse action against Plaintiff by terminating Plaintiff because she disclosed a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a governmental agency as contemplated by the Georgia Whistleblower Act.

**39.**

Defendant violated the Georgia Whistleblower's Act by adopting or enforcing a policy or practice preventing a public employee from disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a governmental agency.

**40.**

Defendant's actions were willful, wanton and intentionally directed to harm the Plaintiff.

**41.**

Defendant's actions were reckless and taken in willful disregard of the probable consequences of its actions.

**42.**

As a result of Defendant's conduct, Plaintiff has suffered loss of wages and benefits, loss of respect in her community, and has suffered mental and emotional distress.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201

**43.**

After terminating Plaintiff in violation of the Georgia Whistleblower's Act, Defendant rehired Plaintiff on August 18, 2013.

**44.**

Under the terms of the FLSA, 29 U.S.C. § 207, Plaintiff is entitled to a break during an eight (8) hour shift.

**45.**

On Sunday, September 26, 2013, while Plaintiff was working an eight-hour shift, Plaintiff requested that she be given her break.

**46.**

Plaintiff's supervisor told her that she could not take a break.

**47.**

Plaintiff told her supervisor that she was going to report the refusal to allow her to take a break to higher management.

**48.**

On Tuesday, September 28, 2013, Plaintiff reported to higher management that her supervisor had refused to allow her to take a break.

**49.**

On Wednesday, September 29, 2013, Plaintiff asked her immediate supervisor for a meeting with higher management.

**50.**

On October 13, 2013, fifteen (15) days after she reported the violation of the FLSA, Defendant terminated Plaintiff's employment.

**51.**

Defendant willfully terminated Plaintiff in violation of the FLSA.

**52.**

As a result of Defendant's termination of her employment, Plaintiff lost past and future wages and benefits.

**53.**

Pursuant to the FLSA, Plaintiff is entitled to recover from Defendant attorney's fees and costs.

## COUNT THREE: FAILURE TO PROMOTE

**54.**

Plaintiff applied for promotion on at least two occasions, and was not promoted.

**55.**

Defendant failed to promote Plaintiff because she had previously engaged in protected activity as contemplated by the FLSA.

**56.**

Defendant failed to promote Plaintiff because she had previously engaged in protected activity as contemplated by the Georgia Whistleblower Act.

### PRAYER FOR RELIEF

Defendant's violations of Plaintiff's rights and breach of the duties owed to Plaintiff were not lawful and Plaintiff must be reinstated to her previous position of custodian in Housing.

**WHEREFORE**, Plaintiff prays as follows:

1) That she be reinstated to her position of employment;

2) That she receive full back pay with prejudgment interest and employee benefits, including all retirement and medical benefits to which she would have been entitled had she remained employed by Defendant;

3) That all documents relating to Plaintiff's terminations be corrected to state the true reasons for each of her terminations in order to afford full and complete relief to Plaintiff;

4) That she receive compensatory damages for the mental and emotional distress she suffered as a result of Defendant's actions in an amount to be determined in the enlightened conscience of the jury;

5) That she receive nominal damages for the deprivation of her protected rights;

6) That she receive attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 45-1-4;

9

7) That she receive a trial by jury;

8) That she receive all damages allowable under the retaliation provision of the FLSA;

9) That she be awarded additional damages for unreasonably delayed payment;

10) That she be awarded such other and further relief that the Court deems necessary and proper in this action.

Respectfully submitted, this 15th day of January, 2013.

/s/ Rita C. Spalding
Rita C. Spalding
Georgia Bar No. 108640
ATTORNEY FOR PLAINTIFF

1522 Richmond Street
Brunswick, GA  31520
(912) 261-8686
(912) 261-8689 *Facsimile*
rspaldinglaw@bellsouth.net

10